**Lilly R. VELA and Lucretia Jackson, Plaintiffs-Appellants,**

v.

**WESTERN ELECTRIC COMPANY, Dallas Works, and Communications Workers of America, Local 12260, Defendants-Appellees.**

No. 82–1716
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 11, 1983.

Frank P. Hernandez, Dallas, Tex., for plaintiffs-appellants.

Stephen F. Fink, Dallas, Tex., for Western Elec.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

PER CURIAM:

The district court entered a judgment of dismissal in this case as a sanction for the plaintiffs' repeated failure to comply with discovery orders. The plaintiffs sought reconsideration of the dismissal and the district judge, treating the request as a motion for relief from judgment, denied it. The plaintiffs now seek our intervention. We decline to reverse the district judge's exercise of discretion.

■ Because the plaintiffs did not appeal the judgment of dismissal, we review only the district judge's refusal to grant them relief from the judgment. We may not treat the appeal from the ruling on the Rule 60(b) motion as an appeal from the dismissal itself. *Phillips v. Insurance Co. of North American,* 633 F.2d 1165, 1166–67 (5th Cir.1981); *Silas v. Sears, Roebuck & Co.,* 586 F.2d 382, 386 (5th Cir.1978). And "appellate review of the denial of a Rule 60(b) motion must be narrower in scope that review of the underlying order of dismissal so as not to vitiate the requirements of a timely appeal." *Id.* Thus we reverse only if the district judge has plainly abused his discretion.

■ We are ordinarily reluctant to penalize a client for a lawyer's fault by dismissing the case. *See Marshall v. Segona,* 621 F.2d 763, 768 (5th Cir.1980); *see also Sig. M. Glukstad, Inc. v. Lineas Aereas Nacional-Chile,* 656 F.2d 976, 978 (5th Cir.1981) (per curiam); *Phillips,* 633 F.2d at 1167; Annot., 49 A.L.R.Fed.2d 831 (1980). Indeed, we have usually suggested sanctions against the lawyer instead. However, where the lawyer's neglect has been great, we do not hesitate to uphold the district court's exercise of its discretion. *E.g., Sig. M. Glukstad,* 656 F.2d at 978–79; *Phillips,* 633 F.2d at 1167–68.

■ The district court could properly have found that counsel here was guilty of repeated abuse of the judicial process and

repeated indifference to court orders without regard to what occurred before present counsel was employed. However, we consider only the events since then. Present counsel was enrolled as counsel of record on December 18, 1981. At the same time, the court placed the matter on its trial docket for the week of February 16, 1982. A motion to deny class certification and interrogatories addressed to the plaintiffs were outstanding, but counsel for plaintiffs responded to neither. Therefore, the defendant filed a motion to compel discovery. No response was filed to this motion, and counsel did not attend the March 1 hearing on it. After that hearing, an order was issued requiring responses to be filed by March 15. Again, no answer was received.

The case was again placed on the trial docket for the week of June 7, 1982. On April 29, the defendant for the first time filed a motion for sanctions, seeking dismissal of the action. Counsel for plaintiffs filed no brief in response to the motion, did not seek a continuance, gave no notice to the magistrate or opposing counsel that he could not attend, and did not appear at the hearing. Instead, he sent an employee to report that he was engaged in trial in another court. Accordingly, the hearing was reset for May 26, 1982. Again counsel for plaintiffs failed to seek a continuance or to notify the magistrate or opposing counsel that he could not attend, and again he failed to appear. Instead someone made a telephone call from his office advising that he would be unable to attend, but that it was agreeable with him for an order to be entered on the motion requiring him to serve answers to defendant's interrogatories within five days. On recommendation of the magistrate, the court then entered an order requiring responses to the interrogatories, and directing the plaintiffs to pay the defendants $500 as a reasonable attorney's fee for expenses incurred in the attempts to obtain discovery. Although counsel had requested only five days, the court granted counsel seven days. Necessarily, the district court again removed the case from the trial docket.

Nothing was filed. Again the district court placed the case on its trial docket, this time for the week of October 4, 1982. Meanwhile, the defendants filed a renewed motion for sanctions. On the same day this was filed, the defendants received answers to their interrogatories; the plaintiffs did not, however, answer interrogatories 1, 2, 3, 4, 5, 6, 8, 9, 13, and 14. The order requiring payment of $500 within thirty days has never been complied with and neither a motion for relief from that order nor any explanation of failure to comply with it has ever been filed.

Only then did the district court sign the judgment of dismissal.

Counsel for plaintiffs now asserts that his default was due to "excusable neglect" but advances no explanation whatever for his dereliction. It is unfortunate that the plaintiffs must forfeit their cause of action without a hearing because of the remissness of their counsel. However, busy courts should not be required to trifle forever with counsel who does not pay attention to his duty to his clients and to the court.

The judgment of the district court is, therefore, AFFIRMED.

In order that the parties who are affected by this affirmance may be fully informed, counsel for the plaintiffs is directed to deliver a copy of it to them, and secure their receipt. Within thirty days, he shall certify to the Clerk that he has complied with this order and shall forward to the clerk a copy of his clients' receipt.