The BOATMEN'S NATIONAL BANK
OF ST. LOUIS

v.

The BARGE PHOENIX SEADRILL BIG
FOOT ONE, etc.

Civ. A. No. 83–2819.

United States District Court,
E.D. Louisiana.

May 9, 1984.

Lemle, Kelleher, Kohlmeyer & Matthews, W.E. Noel, Trial Atty., New Orleans, La., for plaintiff.

Thompson & Mitchell, Kenton E. Knickmeyer, St. Louis, Mo., Adams & Reese, Frank M. Adkins and Luis A. Perez, New Orleans, La., for GLC Finance Corp and GATX Aircraft Corp., intervenors.

Wood, Campbell, Moody & Gibbs, Gary C. Miller, Houston, Tex., for defendants.

## OPINION

ARCENEAUX, District Judge.

This matter came before the court on Motion of plaintiff, The Boatmen's National Bank of St. Louis ("Boatmen's National") to Amend and Increase Judgment to include an award of attorneys fees and expenses. For reasons set forth hereinafter, the motion is DENIED.

The procedural history of this matter is found in the record. On June 8, 1983, plaintiff filed this *in rem* admiralty claim to foreclose a Preferred Ship Mortgage on the barge PHOENIX SEADRILL BIG FOOT ONE. A substitute custodian was appointed (Doc. 3) and the barge was seized (Doc. 5). After notice of the commencement of the action and arrest was given to those parties who had filed notices of liens or encumbrances (Doc. 4) and published (Doc. 6, 7), an intervention was filed (Doc. 9, 10). The owners of the vessel filed a claim and answer on behalf of the vessel on August 12, 1983. (Doc. 16, 17). The plaintiff filed a Motion for Judgment on the Pleadings and to Strike Portions of the Intervening Complaint, Alternatively for Summary Judgment, on August 15, 1983 (Doc. 15). After the plaintiff and the intervenors entered into a stipulation on August 29, 1983 (Doc. 18), the hearings on that motion and plaintiff's Motion to File Supplemental Memorandum were continued to September 14, 1983.

On September 12, 1983, plaintiff filed a Motion for Expedited Hearing on a Motion for Final Judgment and Order of Sale (attached). This motion was never approved since hearing on the motion was unnecessary due to a lack of opposition thereto. However, in this motion, plaintiff indicated that expenses had been incurred and requested "leave to move for an amendment to the Final Judgment at a date *prior to the sale of the vessel* to bring the indebtedness current through date of judgment." (Emphasis added). The proposed Final Judgment and Order of Sale attached is, in all relevant aspects, identical to the one submitted by plaintiff per direction of the Court, signed and entered into the record on September 28, 1983 (Doc. 21). No mention of attorneys' fees was made in the Final Judgment, nor was leave to amend the complaint to add expenses filed prior to the sale of the vessel on October 12, 1983 (Doc. 23).

The plaintiff did file a Motion for a Partial Distribution of the Proceeds of Sale on October 31, 1983 (Doc. 27); the proposed order accompanying that motion, which made no mention of costs on attorneys fees, was signed on the same date. (Doc. 28).[1] In the motion *sub judice*, filed on April 9, 1984 (Doc. 29), plaintiff is arguing that the Motion for a Partial Distribution included a request for an increase in the judgment to cover expenses and attorneys fees which the Court, through clerical mistake or other oversight, has forgotten to approve. No monies from the sale of vessel remain in the Registry of the Court.

■ Turning to the merits, it is the opinion of this Court that this latest motion is, in every respect, exactly the type of Motion to Alter or Amend a Judgment governed by the Fed.R.Civ.P. 59(e). As such, the Court is clearly without authority to extend the ten day filing deadline set forth therein, by virtue of Fed.R.Civ.P. 6(b). Neither the Motion for a Partial Distribution of the Proceeds of Sale nor the instant motion were timely filed. Further, while plaintiff relies heavily on the request to amend the Final Judgment contained in its September 12, 1983, Motion for Expedited Hearing, attached hereto, no effort was made to file

---

1. Although plaintiff argues that this motion was filed on October 13, 1983, the record does not so indicate. In any event, this motion was filed more than ten days after entry of Final Judgment and after the sale of the vessel.

for the requested leave prior to the sale of the vessel, as indicated by counsel. There is no reason for the Court to believe that any reservation made by plaintiff for leave to include these items was not specifically waived by inaction prior to sale of the vessel. All other requests have been made more than ten days after entry of Final Judgment on the Pleadings on plaintiff's motion.

■ The Court is also convinced that the circumstances presented herein do not warrant invocation of Fed.R.Civ.P. 60(a). No ambiguity exists in the judgment or in any other order entered into the record of this matter. *Stovall v. Illinois Central Gulf Railroad*, 722 F.2d 190 (5th Cir.1984). The Final Judgment reflects what was intended at the time of submission and entry. *Warner v. Bay St. Louis*, 526 F.2d 1211 (5th Cir.1976). No amanuensis mistake is involved. *Jones v. Anderson Tully Co.*, 722 F.2d 211 (5th Cir.1984).

■ Likewise, this motion is unsuccessful if treated as one under Fed.R.Civ.P. 60(b). The discretionary relief afforded by this rule can be invoked only upon a successful showing by the movant that one of the named grounds exists. Plaintiff has been afforded extra opportunity to so persuade the Court. While plaintiff appears to be characterizing this "mistake" as being a judicial one, such allegations remain vague and unsupported by the record and movant. In order to succeed on a Rule 60(b)(1) motion, the movant must make some showing that it was justified in failing to avoid mistake or inadvertence. *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693 (5th Cir.1983) cert. den. — U.S. —, 104 S.Ct. 98, 78 L.Ed.2d 103 (1983). Neither has "excusable neglect" been shown. To the extent it may be relevant, it is established that carelessness on the part of a litigant or his attorney does not provide grounds for relief from judgment under this section. *Western Transportation Co. v. E.I. Dupont de Nemours and Company*, 682 F.2d 1233 (7th Cir.1982).

■ Further, plaintiff suggests that Rule 60(b)(5) provides for the relief sought. However, the Final Judgment herein clearly sought to remedy a past wrong; no prospective effect is involved. *Cook v. Birmingham News*, 618 F.2d 1149 (5th Cir. 1980). To the extent that the funds from the sale of vessel have been distributed, judgment has been paid. *Contra: Bros. Incorporated v. W.E. Grace Manufacturing Co.*, 320 F.2d 594 (5th Cir.1963). Finally, although it is clear that Rule 60(b)(6) is unavailable when the relief sought is within coverage of some other provision of Rule 60(b), it is likewise clear the showing of extraordinary circumstances required under that section has not been made. *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *William Skillings & Assoc. v. Cunard Transportation, Ltd.*, 594 F.2d 1078 (5th Cir.1979).

In conclusion, the Courts do not consider judgments as mere pieces of paper. Indeed, they have a great interest in finality of judgment; final judgments should not be lightly reopened. The desirability of order and predictability in the judicial process calls for the exercise of caution in such matters. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir.1981).

However, it is only out of an abundance of judicial caution that the Court has addressed the merits of plaintiff's motion. Its refusal to grant the amendment is primarily based on a lack of subject matter jurisdiction. The trial court's *in rem* jurisdiction in an admiralty action such as this is fully dependent on actual control over proceeds of this sale. When those proceeds are distributed, jurisdiction is lost. *Taylor v. Tracor Marine, Inc.*, 683 F.2d 1361 (11th Cir.1982), cert. den. 460 U.S. 1012, 103 S.Ct. 1252, 75 L.Ed.2d 481 (1983); *Inland Credit Corp. v. M/T BOW EGRET*, 552 F.2d 1148 (5th Cir.1977).

Accordingly,

IT IS ORDERED that the plaintiff's Motion to Amend and Increase Judgment is DENIED.