**EASTWAY GENERAL HOSPITAL, LTD., d/b/a Eastway General Hospital, Plaintiff-Appellee,**

v.

**EASTWAY WOMEN'S CLINIC, INC., d/b/a Eastway Women's Clinic, Defendant-Appellant.**

No. 83–2502.

United States Court of Appeals, Fifth Circuit.

July 30, 1984.

Rehearing Denied Aug. 31, 1984.

Otha T. Carpenter, Houston, Tex., T.E. Swate, Pasadena, Tex., Eric Carter, Houston, Tex., for defendant-appellant.

Fulbright & Jaworski, Larry C. Jones, Houston, Tex., for plaintiff-appellee.

Before TIMBERS,\* POLITZ and RANDALL, Circuit Judges.

POLITZ, Circuit Judge:

Eastway Women's Clinic, Inc., appeals the district court's imposition of sanctions under Fed.R.Civ.P. 37, including the striking of its defenses, entry of adverse judgment on the merits, and the assessment of $1,000 in attorney's fees. Upon review of the record, we find the sanctions imposed, albeit severe, are justified by the conduct of defendant's representative, Tommy E. Swate, who is both a licensed physician and a practicing attorney, and by defendant's supervisory employee, Thelma Babineaux. Finding the sanctions within the discretion accorded the district court, we affirm.

Eastway General Hospital, Ltd., a Texas limited partnership doing business as Eastway General Hospital, sued Eastway Women's Clinic, Inc., a Texas corporation, for service mark and trade name infringement and for unfair competition arising out of its operation of an abortion clinic adjacent to the Hospital. Pending hearing on the Hospital's request for a preliminary injunction, the Hospital made repeated unsuccessful efforts to effect meaningful discovery on the Clinic. Records were sought and depositions were scheduled.

---

\* TIMBERS, Circuit Judge, sitting by designation.

The answer filed by the Clinic bore the attestation of Thelma Babineaux, identified therein as administrator of the Clinic. The Hospital noticed the oral deposition of Babineaux, requested production of documents, requested the designation of a representative under Fed.R.Civ.P. 30(b)(6), and noticed the taking of that representative's deposition. The production of records and the designation and deposition of the 30(b)(6) representative were scheduled for June 20, 1983. Babineaux's deposition was scheduled for June 23, 1983.

June 20 came and passed, and there was neither production of records nor designation of the 30(b)(6) representative. On June 23, 1983 Babineaux failed to appear for her deposition. The Hospital immediately moved to compel discovery and sought sanctions. A hearing was conducted on that date. At that hearing, attended by counsel for the Hospital and by Swate in the capacity as attorney of record for the Clinic, Swate made known that he would be the sole Rule 30(b)(6) designee of the defendant corporation. Because of the resulting conflict, the court required that the Clinic obtain new counsel and ordered that discovery be completed by July 1, 1983.

The Clinic then retained its present counsel who promptly advised of his inability to meet the discovery schedule. Upon request of the Clinic's new counsel, the parties agreed to a modification of the court's order of June 23, 1983. As modified, the order extended the discovery date and: (1) set the deposition of Swate for July 7, 1983 at 1:30 p.m.; (2) set the deposition of Babineaux for July 8, 1983 at 10:00 a.m.; and (3) set the deposition of the Hospital's Rule 30(b)(6) designee for July 13, 1983 at 1:30 p.m.

On July 7, 1983 Swate appeared for his deposition but did not produce the requested documents causing a premature adjournment of the deposition. On July 8, 1983 counsel were present at the appointed time to take the deposition of Babineaux. She did not appear. There was neither forewarning nor explanation of her failure to appear. Later in the day the Hospital's counsel filed a second motion to compel discovery and for sanctions.

Counsel for the Clinic declined to appear in person at the conference but participated by telephone. After hearing the arguments of counsel, the district court ordered that: (1) Swate appear for a continuation of his deposition at the office of the Hospital's counsel at 9:00 a.m. on July 12, 1983; (2) that the documents and items requested be produced at that time and place; and (3) that Babineaux appear for deposition at the office of the Hospital's counsel at 1:00 p.m. on that date. The court specifically noted that if any part of this order was not followed it would entertain a motion for sanctions, including the striking of all defenses.

On July 12, 1983 counsel met at the appointed time and place. Swate did not appear. The records were not produced. After waiting a half hour or more, the Hospital's counsel provoked a third hearing to consider sanctions. After reviewing the record and considering the arguments of counsel, including the explanation for Swate's failure to appear, because of Swate's "repeated failure to permit discovery and to obey this Court's orders to provide or permit discovery," the district court struck the Clinic's defenses, issued a permanent injunction in favor of the Hospital, and awarded the Hospital $1,000 for attorney's fees incurred in its unsuccessful discovery efforts.

Fed.R.Civ.P. 37 enumerates the sanctions available when a party unreasonably fails to comply with orders of the court. The pertinent sections prescribe:

Rule 37. Failure to Make or Cooperate in Discovery: Sanctions

\* \* \* \* \* \*

(b) Failure to Comply with Order

\* \* \* \* \* \*

(2) Sanctions by Court in which Action is Pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit

discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

\*　\*　\*　\*　\*　\*

(C) An order striking out pleadings or parts thereof ... or rendering a judgment by default against the disobedient party:

\*　\*　\*　\*　\*　\*

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds the failure was substantially justified or that other circumstances make an award of expenses unjust.

\*　\*　\*　\*　\*　\*

(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for inspection. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

 In reviewing the imposition of sanctions, the appellate court asks only: (1) was any relevant factual finding clearly erroneous, Fed.R.Civ.P. 52(a), and (2) did the district court abuse its discretion? *See, e.g.,*

*S.E.C. v. First Financial Group of Texas, Inc.,* 659 F.2d 660 (5th Cir.1981). There is no suggestion of an erroneous factual finding by the trial judge; we therefore need only determine whether there has been an abuse of discretion.

 After reviewing the entire record, including the recordings of the chambers conferences held on July 8, 1983 and July 12, 1983, we are convinced that the sanctions imposed were warranted. Swate's conduct was contumacious and unworthy of an attorney. Further, the actions of the representatives of the defendant Clinic were in bad faith and in callous disregard of the obligations of any party to litigation. The trial judge's response was within his broad range of discretion.

AFFIRMED.