Simon HUTCHINSON,
Plaintiff-Appellant,

v.

SOUTH CENTRAL BELL TELEPHONE COMPANY, Defendant-Appellee,

and

Liberty Mutual Insurance Co.,
Intervenor-Appellee.

No. 86–4674
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 5, 1987.

Roland C. Lewis, D. Elizabeth Featherston, Jackson, Miss., for plaintiff-appellant.

J. Carter Thompson, Jr., W. Scott Welch, III, Charles L. Howorth, Jr., Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., for defendant-appellee.

Suzanne N. Saunders, Jackson, Miss., for Liberty Mut. Ins. Co.

Before RUBIN, RANDALL, and HIGGINBOTHAM, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The only truly debatable issue in this appeal is whether the district court erred in failing to grant a motion based on Fed.R. Civ.P. 60(b) to set aside a summary judgment so that newly engaged counsel could present a new theory of liability as well as facts to support that theory. Following our consistent jurisprudence, which requires substantial deference to the district court's decision denying a Rule 60(b) motion to reopen a case, we affirm the court's refusal to do so.

These are the facts about which there is no genuine dispute as presented to the district court. In the darkness on January 7, 1982, at 5:30 a.m., Simon Hutchinson was driving a truck on Interstate 20 through the Jackson, Mississippi, metropolitan area in Rankin County, Mississippi. A rainstorm had moved through the area and rain was perhaps still falling. During the storm, lightning had struck a South Central Bell Telephone Company pole supporting a non-electrically charged telephone cable that crossed the highway. The destruction of the pole caused the black telephone cable to sag to a height of about seven feet above the road surface. Although the headlights of the truck were lit, Hutchinson did not, and likely could not, see the cable. The cab of his truck struck the cable, and Hutchinson was seriously injured. South Central Bell had no knowledge that lightning had hit the pole or that the cable was affected until after the accident. Hutchinson filed suit against the telephone company, alleging that it had been negligent in failing promptly to dispatch a repair crew after the cable was struck.

After the suit had been pending for eight months and Hutchinson's lawyer had conducted some discovery, South Central Bell filed a motion for summary judgment. The district court granted the motion on August 13, 1986. A month later, having retained new counsel, Hutchinson filed a motion for post-judgment relief, invoking Rule 60(b). The gist of the motion was that Hutchinson's original lawyer had failed to conduct adequate discovery and had failed to plead that South Central Bell was negligent in the manner in which it constructed the line across the interstate highway and in its maintenance of the line at that location. The motion asserted that the court should take judicial notice of facts indicating the danger that would be created if a cable fell in this location, as well as the precautions that might have been taken. It was supported by the affidavit of an electrical engineer setting forth what he considered reasonable steps that the telephone company should have taken to avert the collision.

This negligence thesis, which is amplified in the briefs on appeal, remains the essence of Hutchinson's prayer for relief. Although he also asserts that the district court erred in applying a reasonable-care standard to the telephone company's actions—a standard supported by Mississippi law [1]—he urges that the higher standard applies to actions "to prevent the downing of the cable," and not to the company's actions after it learned of that event. Hutchinson does not seriously contend, and

---

1. *See Bickerstaff v. South Central Bell Telephone Co.*, 676 F.2d 163, 165–67 (5th Cir.1982); *Burch v. Southern Bell Telephone & Telegraph Co.*, 178 Miss. 407, 173 So. 300, 302 (1937).

could not in any event succeed in contending, that the summary judgment was improper on the basis of the pleadings and the issues presented to the district court at the time it was entered.

While Hutchinson states, correctly, that Rule 60(b) should be liberally construed so as to do substantial justice,[2] he does not indicate which of its many provisions he invokes.[3] Final judgments should not be set aside lightly,[4] particularly when the losing party has had a fair opportunity to present his claim, has not been taken by surprise, and has discovered no new evidence. A party who presents his case on one theory and loses should not, in the absence of good reason, be permitted to have a second chance for the presentation of a new rationale.

Whether a case should be reopened after a party has had a fair chance to be heard, therefore, depends on the exercise of good judgment. Courts of appeal recognize that the district court is in the best position to make this decision, and therefore say that the ruling is discretionary, to be set aside only if the district court has abused its discretion.[5] Unlike the lawyer in *Seven Elves, Inc. v. Eskenazi*,[6] on which Hutchinson relies, Hutchinson's original counsel did not suffer judgment by default.[7] Even if, judged by hindsight, Hutchinson's earlier lawyer might have pleaded on some other basis, that alone does not require relief.[8] Rule 60(b) is not designed "to give relief to the client who does not choose the best lawyer for the job." [9]

For these reasons, we AFFIRM the judgment of the district court.

---

2. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir.1981).

3. Fed.R.Civ.P. 60(b) provides:
   (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

4. *United States v. Gould*, 301 F.2d 353, 355–56 (5th Cir.1962).

5. *Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir.1984); *Smith v. Jackson Tool & Die, Inc.*, 426 F.2d 5, 8 (5th Cir.1970).

6. 635 F.2d 396, 403 (5th Cir.1981).

7. *Cf. Crutcher*, 746 F.2d at 1082–83.

8. *See Couch v. Travelers Ins. Co.*, 551 F.2d 958, 959–60 (5th Cir.1977); *cf. Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288–89 (5th Cir.1985); *Crutcher*, 746 F.2d at 1082–83; *Vela v. Western Elec. Co.*, 709 F.2d 375, 377 (5th Cir.1983); *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 695, 696–97 (5th Cir.), *cert. denied*, 464 U.S. 826, 104 S.Ct. 98, 78 L.Ed.2d 103 (1983).

9. *Crutcher*, 746 F.2d at 1083.