TRUCK TREADS, INC., et al.,
Plaintiffs-Appellants,

v.

ARMSTRONG RUBBER COMPANY, et al., Defendants-Appellees.

Nos. 86–1505, 86–1601.

United States Court of Appeals,
Fifth Circuit.

June 5, 1987.

Rehearing and Rehearing En Banc Denied July 6, 1987.

---

Ted R. Cackowski, Austin, Tex., for plaintiffs-appellants.

Robert K. Wise, Worsham, Forsythe, Sampels & Wooldridge, Dallas, Tex., for Armstrong.

Lang, Cross, Ladon, Boldrick & Green, Mark J. Cannan, San Antonio, Tex., for Strafco.

Before THORNBERRY, GEE and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

The district court dismissed this action pursuant to Fed.R.Civ.P. 37(b)(2)(C) and (D) as a sanction for appellants' contumacious failure to respond adequately to discovery requests and obey a court order in connection therewith. The district court also ordered appellants' counsel to pay $7,000 toward appellees' attorneys fees. We find no abuse of discretion in the court's rulings and AFFIRM.

On February 26, 1985 appellants, three retail tire distributors, instituted this action against Armstrong Rubber Co., and two of

its wholesale tire outlets, Strafco, Inc. and Straus-Frank Armstrong, alleging unlawful price discrimination under the Robinson-Patman Act, illegal restraint of trade under the Sherman Act, and various other causes of action.

The central issue in this case is appellants' failure to respond adequately to appellee Armstrong's seven basic interrogatories which sought information concerning their price-discrimination claim. After appellants twice failed to file accurate or complete responses, Armstrong sought and was granted an order compelling them to answer "fully and completely" each of the interrogatories. In its order, the district court warned appellants that failure to comply would result in dismissal or some appropriate lesser sanction. Subsequently, when confronted with the Rule 37 motion for sanctions, the district court concluded that the majority of appellants' answers on this, their third attempt, "remained incomplete, evasive and unintelligible." Citing this violation of the court's discovery order, the court dismissed appellants' action with prejudice. The court also supported its action by relating appellants' repeated failure to produce requested documents, their failure to engage in any meaningful discovery, and their failure to examine or review available documents in order to prepare necessary interrogatory responses.

### I.

■ Rule 37(b)(2)(C) and (D) authorizes dismissal as a sanction for noncompliance with discovery and orders regarding discovery. The district court's sanction may be reversed only if it amounts to an abuse of discretion. *National Hockey League v.* *Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 48 L.Ed.2d 747 (1976); *Technical Chemical Co. v. Ig-Lo Products Corp.*, 812 F.2d 222 (5th Cir. 1987). In reviewing a judge's discretionary decision to award the sanction of dismissal, we generally require a finding of wilfullness or bad faith failure to comply with a court's discovery order. *Batson v. Neal Spelce Associates*, 765 F.2d 511, 514 (5th Cir.1985). Considering appellants' violation of the district court's discovery order and counsel's conduct in this case, the circumstances were sufficiently compelling to warrant dismissal.

■ The district court concluded that appellants' interrogatory answers were grossly inadequate. Defendant Armstrong sought information relating to appellants' price-discrimination claim. Interrogatories 4, 5, and 6 inquired which sales of tires were discriminatory and how much was claimed in damages. Appellants never specifically recited the sales upon which they based their claim, nor did they ever precisely identify their damages. In the third amended response to the interrogatories, they stated that they would rely on three volumes of invoices previously supplied to defendants, in addition to a general assertion that they would rely on all documents agreed to be produced by defendants.[1] Because appellant's had never reviewed the documents produced by Armstrong, such an answer is disingenuous as well as unenlightening. On appeal, appellants urge that recitation of such sales was unnecessary and overly burdensome because Armstrong had the documents in its possession. The district court correctly observed that appellants' evasive response left the defendants in complete ignorance of the sub-

---

**1.** Despite their reliance on incomplete and unexplained sales documentation appellants' answers remained terribly inadequate. For example, appellants' third supplemental response to Interrogatory number 4, concerning the discriminatory pricing claim, stated:

All of the sales for which the Plaintiffs can identify records have had their invoices included in the three volumes totalling approximately 1,226 pages which were forwarded to [Armstrong's attorney].... Additionally, your Plaintiffs reserve the right to expressly rely upon the sales invoices showing the date,

sale, size and brand name of each purchase to all of the Plaintiffs and to Strafco to be produced in Mr. Robert K. Wise's letter of December 11, 1984. Plaintiffs will additionally rely upon the sales invoices from Armstrong and to its customers which Strafco has agreed to produce.

Because appellants did not identify the specific sales upon which they based their claims, defendants were without the information necessary to prepare their stated defense of economic justification.

stance of their contentions almost one year after the case was filed.

The district court also cited appellants' counsel's contumacious conduct as support for its decision to dismiss. See *Vela v. Western Electric Co.*, 709 F.2d 375, 377 (5th Cir.1983) (per curiam); *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir.1980). We here recite only the most significant examples of such conduct, which were referred to by the district court and appear in the record, to demonstrate the appropriateness of the district court's action. First, appellants' third supplemental responses to Armstrong's interrogatories allege that sales of tires by Armstrong to Jim Pfau Tire Company constituted a portion of those sales that were discriminatory, causing appellants' damages. Appellants' counsel had for some time previous to filing this response represented Jim Pfau Tire in its bankruptcy proceedings notwithstanding that this response suggested either a basis for appellants to sue Jim Pfau Tire or for appellees to seek contribution. Second, appellants filed a second amended complaint, which was later stricken from the record, with neither consent of the defendants nor with leave of the district court, in violation of Fed.R.Civ.P. 15(a). Counsel averred that he received erroneous advice on this matter from a district clerk. Third, the district court noted that appellants' counsel filed a motion to compel production of documents before conferring with opposing counsel, as required under local rules. Although counsel contended that such a meeting was held, the court found that this was a total fabrication. Finally, the district court concluded that appellants' July 2, 1985 filing of a mirror-image state court action was a bad faith attempt to force appellees to defend this lawsuit on two fronts. The district court stated that counsel's rationale for the state court filing was information disclosed during the August 1, 1985 deposition of Joe Robinson. Because the state court action was instituted several weeks before the Robinson deposition, counsel engaged in another demonstrable fabrication. The record amply demonstrates the bad faith and contumacious con-

duct of counsel and we are unable to conclude that any of the district court's findings are clearly erroneous. See *Eastway General Hospital v. Eastway Women's Clinic, Inc.*, 737 F.2d 503, 505 (5th Cir. 1984); *Marshall v. Segona*, 621 F.2d 763, 766–67 (5th Cir.1980).

Counsel urged at oral argument that we should not penalize blameless clients for his neglect. See *Marshall v. Segona*, 621 F.2d at 768 (dismissal generally inappropriate where neglect is plainly attributable to an attorney rather than to his blameless client). We recognize that dismissal with prejudice is a severe sanction and should only be imposed in the most egregious cases. We have held, however, that where a lawyer's neglect has been great, the district court's exercise of discretion should not be disturbed. *Vela v. Western Electric Co.*, 709 F.2d at 376. "It is unfortunate that the plaintiffs must forfeit their cause of action without a hearing because of the remissness of their counsel. However, busy courts should not be required to trifle forever with counsel who does not pay attention to his duty to the clients and to the court." *Id.* at 377. The district court did not base its dismissal upon mere neglect. Indeed, its dismissal was based upon willful disregard of the judicial process as well as a recidivistic pattern of failure to participate in discovery in the good faith required by the Federal Rules.

Finally, appellants argue that less severe sanctions are justified in this case. The district court considered this argument and concluded that given counsel's behavior in this case the deterrent value of lesser sanctions would "unduly depreciate the seriousness of plaintiffs' conduct and undermine the deterrent effect of Rule 37." We agree that dismissal was the appropriate sanction.

## II.

■ Appellants also challenge the district court's denial of its motion for recusal. They assert the district court abused its discretion based on specious claims of undue influence by an ex-law clerk who never worked on the instant case, ancient political

dealings with the ex-wife of a partner in the firm representing a wholesale dealer in this case, and the unbelievable suggestion that appellees expected favorable treatment from the district court because they failed to remove this cause to another jurisdiction. We find no merit in these contentions.

### III.

■ The appellees request an award of attorneys' fees and double costs as sanctions against appellants for bringing a frivolous and vexatious appeal. Given the seriousness of a Rule 37 dismissal we do not find this appeal frivolous. Moreover, because the district court's award of $7,000 attorneys' fees against plaintiffs' counsel was considerable, we decline to impose further sanctions of that sort.

The judgment of the district court is AFFIRMED.