John V. McMILLAN, John DiPalma and Palmnold–McMillan Joint Venture

v.

MBANK FORT WORTH, N.A.

v.

SHADY VALLEY WEST JOINT VENTURE III, W. James Conrad, J. Charles Powell, John V. McMillan, and John DiPalma.

Civ. A. No. 4–89–328–K.

United States District Court, N.D. Texas, Fort Worth Division.

Jan. 16, 1990.

James B. Barlow, Eugene J. Dozier, Barlow Garsek & Bowers, Joseph Colvin, Fort Worth, Tex., for plaintiffs.

W. Ralph Canada, Jr., Nancy Townsend Beggs, Hopkins, Sutter & Clark, Irving, Tex., for Receiver & DIBB.

## ORDER

BELEW, District Judge.

Pending before the Court is Plaintiffs' Motion to Vacate the Judgment of the State Court pursuant to Federal Rule of Civil Procedure 60(b)(6). After careful consideration of the respective briefs and the applicable law, it is the opinion of this Court that the Plaintiffs' Motion should be denied.

## I. FACTS

The causes of action asserted by the Plaintiffs arose from an oral commitment made by the Defendant, (MBank), to loan the Plaintiffs 3.5 million dollars. MBank failed to loan the money and the Plaintiffs brought this action. MBank counterclaimed against the Plaintiffs and sued the Third Party Defendants who had defaulted on a 6.3 million dollar note, (the Note), owed to MBank.

Following a three week trial on the merits, the jury returned a verdict awarding the Plaintiffs $2,800,000.00 for breach of contract, or in the alternative, $2,600,700.00 for promissory estoppel, $1,800,000.00 for breach of the duty of good faith in failing to foreclose, $360,000.00 in attorneys fees, $50,000 if an appeal was to be perfected, and $14,500.00 in expert witness fees. The jury found the balance currently due and payable on the $6,300,000.00 note was $4,500,000.00 and therefore found against Plaintiffs, Conrad, Powell and Third Party Defendants Shady Valley for that amount. In addition, the jury awarded MBank the same amount of attorneys fees as were awarded Plaintiffs.

Subsequent to the jury verdict, MBank moved for a Judgment n.o.v. requesting that the court enter a take nothing judgment for the Plaintiff and award MBank the sum it felt the evidence conclusively established was actually due and owing on the Note, $5,496,611.17, plus interest, ad valorem taxes, and attorney's fees. The Court on 6 March 1989 granted MBank's Motion for Judgment n.o.v. in its entirety and entered its Judgment.[1]

On 31 March 1989, the Third Party Defendants filed Motions for New Trial, for Judgment, and to Disregard the Jury Verdict. Subsequent to that, the Comptroller of the Currency declared MBank insolvent and appointed the Federal Deposit Insurance Corporation as Receiver of MBank. Thereafter, on 26 April 1989, the FDIC removed the action to Federal Court.

On 1 August 1989, the Plaintiffs filed their Motion to Vacate the State Court Judgment pursuant to Rule 60(b)(6). By Order of this Court dated December 18, 1989, the Third Party Defendants' Motion for New Trial, Motion for Judgment, and Motion to Disregard the Jury Verdict were in all things denied. Therefore, the only remaining motion to be considered by the Court is the Plaintiffs' Rule 60(b) motion.

## II. PLAINTIFF'S RULE 60(b)(6) MOTION

The Plaintiffs seek relief from the State Court's March 6, 1989 Judgment which this Court has discretion to vacate pursuant to Rule 60(b). *Beighly v. FDIC.,* 868 F.2d 776 (5th Cir.1989); *Northshore Dev. v. Lee,* 835 F.2d 580 (5th Cir.1988). The Plaintiff's argument for reinstatement of the jury verdict is based on Rule 60(b)(6), which is a residual clause used as a means for setting aside final judgments.[2] Traditionally the rule can only be used to accomplish justice in truly exceptional circumstances.[3] *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 857, 108 S.Ct. 2194, 2204, 100 L.Ed.2d 855 (1988); *Ackermann v. United States,* 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *Stipelcovich v. Sand Dollar Marine, Inc.,* 805 F.2d 599 (5th Cir.1986). The Court notes that final judgments should not be set aside lightly, particularly when the losing party has had a fair opportunity to present his claim, has not been taken by surprise, and has discovered no new evidence. *Hutchin-*

---

1. The federal court takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in the federal court. Therefore, the State Court Judgment should be treated as though it had been *validly rendered* in the federal proceeding. *Butner v. Neustadter,* 324 F.2d 783 (9th Cir.1963). Accordingly, the Plaintiffs' arguments that the Judgment has never been entered because the State Court Judge failed to follow Rule 58 of the federal rules of procedure are without merit. The federal procedural rules do not control state court proceedings.

2. Federal Rule Civil Procedure 60(b) provides in relevant part:

   On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order,

or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (6) any other reason justifying relief from the operation of the judgment.

3. The Plaintiffs' in this case base their motion on two grounds of supposed error which they believe are valid grounds for vacatur. However, after consideration of the arguments made by counsel for the Plaintiffs, it appears to the Court that the Plaintiffs essentially seek an amendment of the State Court Judgment under Rule 59(e) of the Federal Rules of Civil Procedure. The Court is persuaded of this because nowhere in the Plaintiffs' briefs is there to be found an allegation that the supposed errors committed by the trial judge constitute truly exceptional circumstances.

son v. *South Central Bell,* 815 F.2d 1058, 1060 (5th Cir.1987); *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir.1981).

■ In the present case, the Plaintiffs present two points of error committed by the State Court Judge which, in their estimation, should merit relief under Rule 60(b)(6). First, the Plaintiffs contend it was error under the Federal Rules of Civil Procedure for the State Court Judge to grant a motion for judgment n.o.v. where MBank had not beforehand moved for a directed verdict. In other words, it is the Plaintiffs' contention that the State Court Judge as well as MBank should have complied with the dictates of the Federal Rules of Civil Procedure while the case was still under the jurisdiction of the Texas State Court and being controlled by the Texas Rules of Civil Procedure.

In support thereof, Plaintiffs cite a number of cases, all of which require a federal district judge to comply with Rule 50(b) Federal Rules of Civil Procedure. The Court finds these cases to be inapplicable in that none relate to a state district judge entering a judgment in a state action before removal. The Court should point out that at the time the State Judge granted MBank's motion for judgment n.o.v. the action had not yet been removed and therefore the Texas Rules of Civil Procedure controlled the Judge's decision.[4] Accordingly, the Court is of the opinion that the State Court Judge was under no obligation to comply with the federal rules of procedure and was therefore not in violation of Rule 50(b).

■ The Plaintiffs' second basis for relief is premised upon the contention that the Judgment must be vacated unless the facts are so overwhelmingly in favor of MBank that reasonable men could not arrive at a contrary verdict. In support of this, the Plaintiffs refer the Court to vari-ous excerpts from the trial transcript that show, in their estimation, that reasonable men could arrive at the verdict reached by the jury. In essence then, the Plaintiffs complain that it was error for the Judge to grant MBank's Motion for Judgment n.o.v.

The Motion filed by the Plaintiffs requests this Court to vacate a judgment pursuant to Rule 60(b)(6) which, as pointed out earlier, is a residual clause used as a means for vacating final judgments but only in truly exceptional circumstances. *Liljeberg* 486 U.S. at 857, 108 S.Ct. at 2204; *Ackermann,* 340 U.S. at 195, 71 S.Ct. at 210; *Stipelcovich v. Sand Dollar Marine, Inc.,* 805 F.2d 599 (5th Cir.1986); *Northshore Dev. v. Lee,* 835 F.2d 580 (5th Cir. 1988). The standard enunciated by the Plaintiffs is the standard an appellate court would use to review the propriety of granting a motion for judgment n.o.v. and is not the standard used in determining the propriety of vacatur under Rule 60(b). Therefore, this Court must now determine if the Plaintiffs are entitled to vacatur using the proper standard.

Although the Plaintiffs have not so argued, the Court will analyze whether relief might be granted under 60(b)(1), since, in essence, they complain of judicial mistake. As is held in a number of decisions, Rule 60(b)(1) is a remedy addressed to special situations justifying extraordinary relief, where the mistake is attributable to special circumstances and not simply that the court made an erroneous ruling. *Chick Kam Choo v. Exxon Corp.,* 699 F.2d 693, 695 (5th Cir.1983). The law is insistent that Rule 60(b)(1) is not a substitute for the ordinary method of redressing judicial error; the orderly process of appeal usually is far more appropriate to deal with such errors, if indeed the State Court's action constitutes error. *Chick Kam Choo,* at

---

**4.** Rule 301 of the Texas Rules of Civil Procedure states in relevant part:

The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. *Provided, that upon motion and reasonable notice*

*the court may render judgment non obstante veredicto if a directed verdict would have been proper ...*

Therefore under the Texas rules of procedure, it was proper for the State Court Judge to grant MBank's Motion for Judgment n.o.v. even though MBank had not moved for a directed verdict.

696; *see also Fackelman v. Bell,* 564 F.2d 734, 736 (5th Cir.1977).

Traditionally, Rule 60(b) has been applied most liberally to judgments in default since the litigant in such cases has not had an opportunity to adequately present the merits of his case to the court. *Seven Elves, Inc.,* 635 F.2d at 403, *see also Smith v. Alumax Extrusions, Inc.,* 868 F.2d 1469, 1472 (5th Cir.1989). By contrast, the Plaintiffs in the instant case were allowed to present the merits of their case at a trial which lasted three weeks. Although the jury awarded the Plaintiff and the Defendant money damages, the State Court Judge granted MBank's motion for judgment n.o.v. and held that the Plaintiffs take nothing and MBank recover the amount that remained due and payable on the Note. The Plaintiffs argue strenuously that the weight of the evidence supports the jury verdict and therefore it was error for the State Court Judge to enter the judgment. However, the State Court Judge, who also heard the evidence and reviewed the applicable law, made a deliberate decision that the Plaintiffs were not entitled to the verdict of the jury. If this was in fact error, the error is not obvious as is traditionally required under 60(b)(1) and in any event the Court is persuaded that the proper avenue for redress is with the Court of Appeals.

In the event Plaintiffs are correct and 60(b)(6) does control this Motion, the Court would note that only by the movant demonstrating extraordinary circumstances will relief be appropriate. *Boatmen's Nat. Bank v. Barge Phoenix Seadrill,* 101 F.R.D. 749 (1984). Final judgments should not be set aside lightly, particularly when the losing party has had a fair opportunity to present his claim, has not been taken by surprise, and has discovered no new evidence. *Hutchinson* at 1060; *Seven Elves* at 402. In the Court's estimation, the Plaintiffs have simply failed to demonstrate the requisite extraordinary circumstances warranting relief under either 60(b)(1) or 60(b)(6).

## V. CONCLUSION

Finally, the Court is aware of "the delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command that justice be done in light of all the facts." *Seven Elves, Inc.* at 401. The Court is also cognizant that Rule 60(b)(6) requires the movant to demonstrate the existence of extraordinary circumstances before relief is appropriate. In the Court's opinion, the Plaintiffs have failed to demonstrate the existence of any extraordinary circumstances that would warrant vacating the Final Judgment. In view of this, the Court is persuaded that the scales tip conclusively toward the important goal of preserving the finality of judgments and consequently the Plaintiff's Motion should be denied.

Therefore, Plaintiffs' Motion to Vacate the State Court Judgment is hereby in all things DENIED.

The Final Judgment entered on 6 March 1989 shall stand.

The Clerk of the Court will close the above styled and numbered cause.

IT IS SO ORDERED.