United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-40497
Summary Calendar

VICTOR MURRAY,

                                        Plaintiff-Appellant,

                    versus

SERENA SOFTWARE INC,

                                        Defendants-Appellees.

Appeal from the United States District Court for
the Eastern District of Texas (Sherman)
(USDC No. 4:04-CV-223)
_____

Before REAVLEY, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

    This appeal arises from a lawsuit brought by Plaintiff/Appellant Victor Murray

("Murray") against his former employer, Serena Software, Inc.  The district court entered

a judgment of dismissal in this case as a sanction for Murray's repeated failure to comply

with discovery orders.  Murray sought reconsideration of the dismissal, and the district

judge, treating the request as a motion for relief from judgment, denied it.  Murray now

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

seeks our intervention.  For the following reasons, we decline to reverse the district judge's exercise of discretion:

1.      Because Murray did not appeal the judgment of dismissal, we review only the district judge's refusal to grant him relief from the judgment. We may not treat the appeal from the ruling on the Rule 60(b) motion as an appeal from the dismissal itself.   Vela v. Western Elec. Co., 709 F.2d 375, 376 (5th Cir. 1983) (citations omitted).  "[A]ppellate review of the denial of a Rule 60(b) motion must be narrower in scope than review of the underlying order of dismissal so as not to vitiate the requirements of a timely appeal." Id. (citation omitted).  Thus we reverse only if the district judge has plainly abused his discretion.

2.      Federal Rule of Civil Procedure 60(b)(1) provides that a district court may grant relief from final judgment based on "mistake, inadvertence, surprise, or excusable neglect."   Such relief is not appropriate when a litigant exhibits a disregard for the judicial process or repeated indifference to court orders.  See Vela, 709 F.2d at 376-77.  Murray failed to identify any excusable neglect or other basis for the court to reconsider its order dismissing his action, and his recurring non-compliance reflects a pronounced disrespect for the court's processes and orders.

3.      Federal Rule of Civil Procedure 37(b)(2) "authorizes the district court to strike pleadings or render a default judgment against a party as a sanction

2

for failure to comply with a discovery order." United States v. $49,000 Currency, 330 F.3d 371, 376 (5th Cir. 2003). The record in this case reveals that Murray repeatedly failed to comply with multiple orders of the district court. Specifically, Murray (1) failed to cooperate fully in preparing the joint pretrial report, [1] (2) failed to timely make pretrial disclosures, (3) failed to timely return Serena's company property as ordered, and (4) failed to timely pay sums levied as sanctions for two separate incidences of discovery misbehavior. Murray also failed to respond to a number of his adversary's motions, including Serena's motion for summary judgment and motion for costs and attorney fees.[2]

4. The less drastic sanctions levied by the district court did not serve to deter continued poor conduct by Murray. Murray was specifically warned by the court that dismissal would be the sanction for future failure to comply with its orders. Because Murray's actions reflect a persistent disregard of the responsibilities owed to the court and his opponents rather than mistake or

---

[1] While Murray asserts that counsel for Serena eventually acknowledged his assistance in preparation of the report, Murray improperly cites to a transcript that is not part of the record on appeal.

[2] We agree with the district court that Murray's motion for reconsideration evidences a further inattention to its orders as that motion sought relief, not from the court's order of dismissal, but from a grant of summary judgment in favor of Serena. Serena's motion for summary judgment was, in fact, denied by the district court.

inadvertence, we find no abuse of discretion in the district court's refusal to reconsider dismissal of Murray's action.

5. Because Murray does not raise the issue on appeal, we do not question the award or reasonableness of the fees granted to Serena by the district court. However, although the record before us is limited, we have seen enough to raise the question of the relative culpability between Murray and his attorney. We are ordinarily reluctant to penalize a client for a lawyer's fault. See Vela, 709 F.2d at 376. Accordingly, while we affirm the court's refusal to reconsider its order of dismissal, we remand for the limited purpose of allowing the district judge to determine whether, in his discretion, he wishes to impose sanctions on counsel via apportionment of the fee award.

DENIAL OF RECONSIDERATION AFFIRMED, REMANDED FOR LIMITED PURPOSES STATED