# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20700
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 5, 2016

Lyle W. Cayce
Clerk

HEATHER TIMMS,

      Plaintiff - Appellant

v.

LZM, L.L.C., doing business as J D Byrider; RANDOLPH DANIELS-KOLIN,
Individually,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-311

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

    Plaintiff–Appellant Heather Timms appeals from sanctions levied against her by the district court. Timms contends that the district court abused its discretion when it struck her amended complaint and awarded costs and fees to Defendants–Appellees LZM, L.L.C., and Randolph Daniels-Kolin for her failure to comply with a court issued discovery order. We find that the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20700

district court did not abuse its discretion in assessing such sanctions and therefore AFFIRM the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 4, 2015, Plaintiff–Appellant Heather Timms filed suit against Defendants–Appellees LZM, L.L.C., and Randolph Daniels-Kolin. In her complaint, Timms asserted that Defendants violated the Fair Labor Standards Act (FLSA). Timms alleged that she had not been compensated for overtime work by LZM, her former employer, and that she was terminated from her position as a portfolio manager at LZM in retaliation for engaging in FLSA protected activity. Following document production by Timms and Defendants' oral deposition of Timms, Defendants became aware that Timms had not produced text messages between her and an LZM employee relevant to her FLSA claims. Because Timms claimed to have more text messages and because Defendants had doubts as to the credibility and completeness of Timms's document production,[1] Defendants moved for a court order to permit a forensic examination of Timms's phone and inspection of any and all text messages and communications between Timms and LZM employees. The district court ultimately granted the motion on October 2, 2015, ordering Timms to give her phone to Defendants' forensic examiner "for phone imaging and inspection."

Following Defendants' forensic examination of the phone, Defendants moved for the court to find Timms in contempt of court and grant sanctions

---

[1] Defendants' doubts as to credibility stemmed from the following facts: (1) Timms's counsel initially informed Defendants that all of Timms's text messages were lost after her phone crashed in May 2015, which led to Defendants deposing Timms; (2) Timms then testified at her September 2015 deposition that she still had her text messages that she could access through a cloud storage application on her phone; (3) Timms produced paper copies of said text messages; and (4) the paper copies produced were missing at least two text messages Timms was known to have.

against her on September 30, 2015. According to Defendants, their inspection revealed that the text messages in question were not on Timms's phone, that the mobile application allegedly containing such text messages was not on the phone, and that the phone appeared to have been reset or newly activated only three days before the forensic inspection. Defendants moved for, among other sanctions, the court to dismiss Timms's suit with prejudice and to shift Defendants' costs and fees to Timms. Timms did not file an opposition motion in response. The district court then set a show cause hearing on Defendants' motion for October 14, 2015. At the hearing, counsel for both parties presented arguments, and Defendants' forensic examiner and Timms were questioned by counsel.[2] At the conclusion of the hearing and in a separate written order, the district court granted Defendants' motion for sanctions, striking Timms's amended complaint and awarding Defendants $8,500 in costs and attorney's fees related to Timms's deposition and the forensic examination of her phone. Timms timely appealed thereafter.

## II. STANDARD OF REVIEW

We have frequently observed that federal courts have inherent power to punish parties for contempt and to impose sanctions as "reasonable and appropriate." *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d

---

[2] At the hearing, Timms proffered many of the arguments she now makes on appeal: the court order only required her to turn over her phone, not any text messages that were on a server; the phone was reset because loading text messages using the cloud storage application froze her phone; she had problems downloading all the text messages because of the size of her files on the cloud storage application and the limited internal memory on her phone; and the text messages could only be accessed through a phone, not through a desktop computer. The district court found all of these explanations unavailing. It noted that: the order and motion to compel were clearly related to the text messages; Timms did not warn Defendants that she had reset her phone; files from the application, including the text messages, could be downloaded selectively without using much memory; the cloud storage application's website stated that files on the application could be viewed through a desktop computer; and, in any event, the onus was on Timms to provide the messages in a consumable form independent of any difficulties she encountered.

464, 467 (5th Cir. 1996). In addition, Federal Rule of Civil Procedure 37(b)(2), by its express terms, allows district courts to sanction parties for failure to obey a discovery order in a number of ways, including striking pleadings or rendering default judgment.[3] *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003). Although the district court here did not expressly state whether it was sanctioning under Rule 37 or its inherent powers, we review both such sanctions for abuse of discretion. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991); *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012). We also review any factual findings underlying such sanctions for clear error. *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 578 (5th Cir. 2000). We have noted, however, that our review of sanctions is not perfunctory and that they "must be exercised with restraint and discretion." *Crowe v. Smith*, 151 F.3d 217, 226 (5th Cir. 1998) (quoting

---

[3] Rule 37(b)(2) states, in relevant part:

(2) Sanctions Sought in the District Where the Action Is Pending.
    (A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
    . . .
    (iii) striking pleadings in whole or in part;
    . . .
    (vi) rendering a default judgment against the disobedient party;
    . . .
    (C) *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2).

*Shepherd v. ABC*, 62 F.3d 1469, 1475 (D.C. Cir. 1995)).

### III. THE DISTRICT COURT'S SANCTIONS

On appeal, Timms contends that the district court abused its discretion in imposing sanctions. We disagree and hold that the district court did not abuse its discretion. With respect to sanctions that strike complaints or grant default judgments against parties who fail to abide by discovery orders, we have required that two criteria be met: (1) the discovery violation was willful and (2) "a lesser sanction would not have substantially achieved the desired deterrent effect." *$49,000 Currency*, 330 F.3d at 376. We have also allowed the district court to consider "whether the discovery violation prejudiced the opposing party's preparation for trial, and whether the client was blameless in the violation" when imposing sanctions. *Id.* Moreover, we require that the sanction "must comply with the mandates of due process." *Chambers*, 501 U.S. at 50.

Timms's first contention is that that she did not willfully disobey the order because it only required her to produce her phone and because she made a good faith effort to obtain the text messages Defendants requested but was hindered by technological difficulties. Her argument is unavailing. The district court specifically found that the order covered the text messages and that Timms was not credible in her explanation of why she did not produce said text messages.[4] Moreover, we previously have held that a failure to abide by discovery orders, combined with other evidence of a party delaying and incurring needless expenses—as in this case—is sufficient for a finding of bad faith. *See Worrell v. Houston Can! Academy*, 424 F. App'x 330, 336 (5th Cir.

---

[4] While Timms asserts on appeal that not turning over the text messages was, at most, negligent based on her confusion of what the district court's order meant, this is belied by her response to Defendants' original motion to compel where she expressly recognized that Defendants sought access to her text messages.

2011) (per curiam) (unpublished).  Timms next contends that the district court failed to employ less drastic sanctions that were available.  However, Timms does not point to any alternative options that the district court could have employed.  And we previously found that a district court "was well within its discretion in awarding default judgment as a sanction," where—as is the case here—a party was uncooperative in its initial discovery production and subsequently did not abide by a court's discovery order aimed at remedying this problem.  *$49,000 Currency*, 330 F.3d at 379; *see also Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 317 (5th Cir. 2013) ("[T]his circuit has rejected the view that a court is 'required to attempt to coax [parties] into compliance with its order by imposing incrementally increasing sanctions.'" (quoting *$49,000 Currency*, 330 F.3d at 379)).

Timms finally argues that there was insufficient evidence to justify the $8,500 in attorney's fees and costs awarded to Defendants by the district court.  Timms asserts that no affidavits or billing records were present at the time of the show cause hearing and that, therefore, there was no way of determining whether Defendants' counsel's hourly rate was reasonable.  Timms, however, failed to raise any objection at the show cause hearing or file a motion for reconsideration, thereby waiving any argument on appeal.  *See Hogrobrooks v. Bally's Olympia L.P.*, No. 02-60229, 2002 WL 31115080, at *2 (5th Cir. Sept. 16, 2002) (per curiam) (unpublished); *Prince v. Poulos*, 876 F.2d 30, 33–34 (5th Cir. 1989); *see also Cleveland Hair Clinic, Inc. v. Puig*, 200 F.3d 1063, 1068 (7th Cir. 2000).[5]  Even if we were to evaluate the district court's court fee-shifting sanctions, we ask only if the district court's factual findings were

---

[5] Timms argues that it would not have been possible to object at the hearing, claiming that the transcript of the proceedings demonstrated the district court's resistance to allowing Timms's counsel to speak.  However, the transcript shows that Timms's counsel was asked, immediately following the imposition of monetary sanctions, if he had anything to add to the order and counsel declined to raise objections.

clearly erroneous and whether it abused its discretion. *Eastway Gen. Hosp., Ltd. v. Eastway Women's Clinic, Inc.*, 737 F.2d 503, 505 (5th Cir. 1984). As we have previously discussed, the district court did not otherwise abuse its discretion in assessing sanctions. Moreover, Timms does not demonstrate on appeal how the monetary figure of $8,500, which the district court calculated after discussions with Defendants' counsel, is based on clearly erroneous facts. While Timms argues that the district court improperly included costs for her deposition in the monetary sanction, the court found that the costs of Timms's deposition were the product of her refusals to cooperate with discovery and produce the relevant text messages. *Cf. Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (stating that, under Rule 37, a party could not recover monetary sanctions on discovery requests unrelated to a failure to comply with discovery). Given the "broad range of discretion" afforded to district courts in assessing sanctions, even absent waiver, we cannot say that the district court erred in awarding attorney's fees and costs.[6] *Eastway Gen. Hosp.*, 737 F.2d at 505.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[6] On appeal, Defendants also seek appellate attorney's costs and fees for defending the district court's judgment on appeal. We decline to grant Defendants appellate attorney's fees and costs. Defendants cite no relevant Fifth Circuit precedent on the matter, and we cannot say, given the severity of the sanction at issue, that Timms's appeal was frivolous. *See Reed v. Johnson*, No. 95-31157, 1997 WL 33422, at *1 (5th Cir. Jan. 14, 1997) (per curiam).