Gayle AUCOIN, Plaintiff–Appellant,

v.

K–MART APPAREL FASHION CORPORATION, Defendant–Appellee.

No. 91–3309
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 26, 1991.

---

* Judge Alvin B. Rubin was a member of the panel that decided this case but died subsequent there-

to on June 11, 1991.

Robert P. Cuccia, Pullaro & Cuccia, Houma, La., for plaintiff-appellant.

Rodney A. Seydel, Jr., Hoffman, Sutterfield, Ensenat & Bankston, New Orleans, La., for defendant-appellee.

Before GARWOOD, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:

Gayle Aucoin appeals an order dismissing her complaint against K–Mart Apparel Fashion Corporation for failure to prosecute and an order denying reinstatement of her case. Finding no jurisdiction to review the original order dismissing the complaint, and no abuse of discretion in the district court's refusal to reinstate the case, we affirm.

I.

After slipping and falling in a K–Mart store in Houma, Louisiana, Gayle Aucoin filed this action against K–Mart Apparel Fashion Corporation in a Louisiana state court on June 6, 1989. K–Mart later removed the case to federal court on diversity grounds. On February 16, 1990, the district court below granted Aucoin's motion to substitute Leonard Radlauer as counsel of record. Several months later, on April 6, 1990, the district judge held a preliminary conference. In a minute entry the same day, the district court scheduled a final pre-trial conference for October 5, 1990, and the trial for October 22, 1990.

On August 28, 1990, Radlauer filed a motion to withdraw as counsel. The district court granted the motion on October 5, 1990, the day initially scheduled for the final pre-trial conference. Several days later, on October 10, 1990, the court entered an order continuing the final pre-trial conference and trial because Aucoin was unrepresented by counsel. The court also specifically ordered that Aucoin appear personally before the court on October 31, 1990, warning that a failure to appear "will result in the imposition of appropriate sanctions, including dismissal of the case." The order was mailed to Aucoin personally.

Despite the warning, Aucoin failed to appear at the October 31 status conference. The district court accordingly dismissed her complaint without prejudice for failure to prosecute the same day and entered judgment for K–Mart on November 1, 1990.

Aucoin eventually found new counsel, Robert Cuccia. Cuccia filed a motion to reinstate the case pursuant to Fed.R.Civ.P. 60(b) on December 24, 1990. The district

court denied the motion for lack of standing on January 18, 1991, because Cuccia had not yet enrolled as counsel. The court subsequently permitted Cuccia to enroll as counsel, but denied a second motion to reinstate the case on March 6, 1991. In denying the motion to reinstate, the court reasoned that Aucoin had not shown the "exceptional circumstances" required by Rule 60(b). Aucoin filed a notice of appeal on April 5, 1991. She now challenges both the order dismissing the complaint and the order denying the motion to reinstate the case.

## II.

■ We note at the outset a jurisdictional defect in Aucoin's appeal. The district court entered judgment against Aucoin on November 1, 1990. Pursuant to Fed. R.App.P. 4(a)(1), Aucoin then had thirty days to file a notice of appeal. This Aucoin failed to do. Instead, Aucoin filed two motions to reinstate her case, pursuant to Fed.R.Civ.P. 60(b), the first several weeks after the expiration of the thirty-day appeals period. Her Rule 60(b) motions did *not* suspend or extend the appeals period. *See Browder v. Director, Dept. of Corrections of Illinois*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *Phillips v. Insurance Company of North America*, 633 F.2d 1165, 1167 n. 4 (5th Cir.1981). Accordingly, while this court has jurisdiction to review the denial of the second Rule 60(b) motion, we cannot review the original order dismissing the complaint for failure to prosecute.

■ In *Vela v. Western Elec. Co.*, 709 F.2d 375, 376 (5th Cir.1983), we stated that an appellate court "may not treat the appeal from the ruling on the rule 60(b) motion as an appeal from the [underlying order] itself." *Vela* reflects a concern that the availability of a Rule 60(b) motion not vitiate the requirement of a timely appeal; although the period within which a Rule 60(b) motion may be filed is longer, our review of a Rule 60(b) motion is narrower in scope that our review of direct appeals. *See Phillips*, 633 F.2d at 1167. The movant must show "unusual or unique circum-

stances justifying such relief," and she may not use Rule 60(b) as "an avenue for challenging mistakes of law that should ordinarily be raised by timely appeal." *Pryor v. U.S. Postal Service*, 769 F.2d 281 (5th Cir.1985). This court reviews the denial of a Rule 60(b) motion only for abuse of discretion. *Id.*

■ We believe that *Pryor* controls this case. In *Pryor*, as here, the district court dismissed a plaintiff's complaint after neither he nor his attorney appeared at a scheduled motion conference. Pryor failed to file a timely notice of appeal and, instead, filed a motion to retain the case on the docket, interpreted by this court as a Rule 60(b) motion, after the expiration of the appeals period. We first noted that, had Pryor timely raised his challenge to the dismissal on direct appeal, "we might be sympathetically inclined to reverse on the merits and remand with an order to reinstate." *Id.* at 286. Dismissals for failure to prosecute a claim are generally "reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir.1985) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir.1982)); *see also Pryor*, 769 F.2d at 286. However, we ultimately affirmed the denial of the Rule 60(b) motion in *Pryor* because Pryor had not shown exceptional circumstances.

■ We believe that Aucoin also failed to show exceptional circumstances. While we are sympathetic to the fact that she was without counsel at the time of the October 31 status conference, we find it significant that the district court specifically mailed a notice of the conference to Aucoin personally and warned her that failure to appear "will result in the imposition of appropriate sanctions, including dismissal of the case." The district court's dismissal of the complaint might have amounted to simple legal error but, under the facts of this case, we cannot conclude that Aucoin demonstrated such exceptional circumstances that the district court

abused its discretion in denying her motion to reinstate the case.

The judgment of the district court is AFFIRMED.