IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60160
Conference Calendar
_____


PATRICK STEWART,

                                        Plaintiff-Appellant,

versus

JIMMIE CARLISLE, Cpt., George Co.
C.W.C., ET AL.,

                                        Defendants,

SABRINA MARTIN, Director of
Offender Services, S.M.C.I.,
ET AL.,

                                        Defendants-Appellees.



- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:92-CV-434-RR
- - - - - - - - - -
(October 18, 1995)
Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

    Patrick Stewart appeals the denial of his motion brought

pursuant to Fed. R. Civ. P. 60(b).  His motion for correction of

the record is DENIED as unnecessary.  We review for abuse of

discretion.  <u>Aucoin v. K-Mart Apparel Fashion Corp.</u>, 943 F.2d 6,

---

    [*]    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

8 (5th Cir. 1991). "It is not enough that the granting of relief might have been permissible, or even warranted -- denial must have been so <u>unwarranted</u> as to constitute an abuse of discretion." <u>Seven Elves, Inc. v. Eskenazi</u>, 635 F.2d 396, 402 (5th Cir. Unit A 1981).

The record indicates that Stewart failed to inform the court of any transfer between October 1993 and the date in January in which the court signed the order and judgment dismissing Stewart's case. Moreover, Stewart's exhibits do not indicate a housing transfer between October 1993 and January 1994. Further, a review of the disclosure form which the district court required Stewart to complete and to file indicates that the questions were factual in nature and did not require necessarily the use of a law library in order to complete the form. Stewart does not deny that he received the form. He merely contends that he did not receive it until January 19, 1994. Under these circumstances, the district court did not abuse its discretion in denying the Rule 60(b) motion. <u>See</u> <u>Aucoin</u>, 943 F.2d at 8-9.

To the extent that Stewart argues that the district court erred by delaying any evidentiary hearing before the judgment of dismissal and that the court violated Fed. R. Civ. P. 16(b)(5), these matters were not raised in the district court. This court need not address issues not considered by the district court. "[I]ssues raised for the first time on appeal are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice."

<u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991) (internal quotation and citation omitted).

AFFIRMED.