IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50887
Summary Calendar
_____


JOSE M. RAMIREZ,

                                        Plaintiff-Appellant,

versus

JOE AGUIRRE, Warden; OFFICERS
AND MEDICAL STAFF - FPC EL PASO,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-97-CV-2
- - - - - - - - - -

April 20, 1998

Before DUHE', DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:*

     Jose R. Ramirez, federal prisoner No. 04204-070, appeals the

district court's denial of his post-judgment motion requesting

relief from the district court's order granting summary judgment

for the defendants in a <u>Bivens</u>** action.  Ramirez filed several

pleadings after judgment was entered in the district court.

There is some ambiguity as to whether any of these documents may

be construed as a timely-filed rule 59(e) motion or whether the

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

     ** <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971).

pleadings are more properly construed as Rule 60(b) motions.
Unlike Rule 59(e) motions, Rule 60(b) motions do not bring up the
underlying judgment and are reviewed for abuse of discretion.
Aucoin v. K-Mart Apparel Fashion Corp., 943 F.2d 6, 8 (5th Cir.
1991). Furthermore, Ramirez maintained that he did not timely
receive the district court's judgment, thus possibly making his
notice of appeal timely as to the underlying judgment.

The court need not resolve this ambiguity as, under
either the Rule 60(b) standard or the more lenient direct review
of the initial judgment, Ramirez cannot prevail. The district
court based its summary judgment determination on Ramirez's
failure to exhaust administrative remedies. Ramirez failed to
brief this issue in his initial appellate brief and has thus
abandoned it. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th
Cir. 1993) (Although pro se pleadings must be liberally
construed, arguments not briefed on appeal are deemed abandoned).
Nor did he present his evidence to the district court, and
therefore we cannot consider it. See Trinity Industries, Inc. v.
Martin, 963 F.2d 795, 799 (5th Cir. 1992)(citing Kemlon Prods. &
Dev. Co. v. United States, 646 F.2d 223, 224 (5th Cir. 1981)).

The judgment is hereby amended to be without prejudice to
allow Ramirez to exhaust his administrative remedies.

AFFIRMED.