**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 98-20634
Summary Calendar
_____

DEBORAH ANN BURBANK-EMVULA,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF SOCIAL
SECURITY, ET AL.,

Defendants,

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CV-5068
- - - - - - - - - -
July 19, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Deborah Ann Burbank-Emvula appeals from the district court's order denying her motion filed pursuant to Fed. R. Civ. P. 60(b), seeking relief from the district court's judgment affirming the denial of her application for disability insurance benefits and supplemental security income. She has also filed six motions to supplement the record. While we may not issue factual findings on new evidence, we may review such evidence to determine whether

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the case should be remanded to the Commissioner of Social Security for consideration of the new evidence.  <u>Haywood v. Sullivan</u>, 888 F.2d 1463, 1471 (5th Cir. 1989).  We may so remand only "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g)(19).

The new medical evidence submitted by Burbank-Emvula is not material because it is cumulative and does not relate to the relevant time period.  <u>See</u> <u>Latham v. Shalala</u>, 36 F.3d 482, 483 (5th Cir. 1994).  She has also failed to show good cause for her failure to obtain this evidence previously.  <u>See</u> <u>Haywood v. Sullivan</u>, 888 F.2d 1463, 1472 (5th Cir. 1989).  The financial earnings statements submitted by Burbank-Emvula are irrelevant and not material because her application for benefits was denied based on a finding that she was not disabled.  Burbank-Emvula seeks to supplement the record with a taped copy of the administrative hearing held before the Administrative Law Judge (ALJ) because she believes the transcript to be erroneous and inconsistent.  Examination of the transcript reveals that her contention has no merit.  Finally, Burbank-Emvula has submitted a copy of the exhibits page to the ALJ's decision.  The information contained on this page is already contained in the record.  Accordingly, all of her motions to supplement the record are DENIED.

An appeal from the ruling on a Rule 60(b) motion may not be treated as an appeal from the underlying judgment itself.  <u>Aucoin</u>

v. K-Mart Apparel Fashion Corp., 943 F.2d 6, 8 (5th Cir. 1991).
Our review of the denial of a Rule 60(b) motion is limited to
whether the denial was "so unwarranted as to constitute an abuse
of discretion." Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402
(5th Cir. 1981).

Burbank-Emvula has proffered many arguments on appeal, but
only four of these seek relief available in a Rule 60(b) motion.
See Fed. R. Civ. P. 60(b). Burbank-Emvula's conclusory
contention of unspecified procedural error is inadequately
briefed and is therefore deemed abandoned. See Yohey v. Collins,
985 F.2d 222, 224-25 (5th Cir. 1993). As stated previously, her
argument that the administrative hearing transcript is erroneous
lacks merit. Burbank-Emvula concedes that the new medical
evidence she has submitted is the same as the evidence considered
by the ALJ. See Brown v. Petrolite Corp., 965 F.2d 38, 50 (5th
Cir. 1992)(newly discovered evidence justifies Rule 60(b) relief
only if it is material and controlling and clearly would have
produced a different result had it been presented before the
original judgment was entered). Finally, Burbank-Emvula argues
that the district court committed a mistake of law in affirming
the ALJ's decision that she is not disabled due to obesity.
Burbank-Emvula raised this issue, which involves the resolution
of factual question, for the first time on appeal; it will not be
considered. See Diaz v. Collins, 114 F.3d 69, 71 n.5 (5th Cir.
1997). The district court did not abuse its discretion by
denying Burbank-Emvula's Rule 60(b) motion.

AFFIRMED.