Revised January 25, 2002

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 00-10512**

---

**MARK ROBERTSON,**

**Petitioner-Appellant,**

**VERSUS**

**JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF**
**CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,**

**Respondent-Appellee.**

---

Appeal from the United States District Court
for the Northern District of Texas

---

January 17, 2002

**ON REMAND FROM THE UNITED STATES SUPREME COURT**

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

DeMOSS, Circuit Judge:

On December 4, 2000, this Court issued an opinion which held that Mark Robertson, petitioner, was not entitled to a Certificate of Appealability (COA) on (i) his claim that due process required instruction at trial on the lesser included offense of murder, nor (ii) on his claim that the trial court's jury instructions failed to provide an adequate vehicle for consideration of his

constitutionally relevant mitigating evidence.  Petitioner applied for certiorari to the Supreme Court.  On July 11, 2001, the Supreme Court held that the judgment of this Court should be vacated with costs and "the case is remanded to the United States Court of Appeals for the Fifth Circuit for further consideration in light of *Penry v. Johnson*, 532 U.S. 782 (2001)" (*Penry II*).  On remand to this Court, we called for supplemental briefing by the parties as to the impact of *Penry II* on our decisions herein.  After careful review of the supplemental briefs, we have concluded that there is no substantial difference between the jury instructions on mitigation given in this case and those given in *Penry II*. Accordingly, we grant petitioner's motion for a COA with respect to his jury instruction claims, vacate the district court's judgment denying Robertson's application for a federal writ of habeas corpus, and remand the case to the district court.  The district court is instructed to grant Robertson's application for a writ of habeas corpus unless the State of Texas within a reasonable time either (i) grants Robertson a new trial on the issue of punishment only, as permitted by Tex. Code Crim. Proc. art. 44.29(c) or (ii) vacates Robertson's sentence and imposes a sentence less than death.  *See Moore v. Johnson*, 194 F.3d 586, 622 (5th Cir. 1999).

COA GRANTED in part, judgment below VACATED, and case REMANDED to the United States District Court for the Northern District of Texas.

2