# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

―――――――――

m 01-10644

―――――――――

JESSE JOE PATRICK,

Petitioner-Appellant,

VERSUS

JANIE COCKRELL,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

―――――――――――――

Appeal from the United States District Court
for the Northern District of Texas

―――――――――――――

March 13, 2002

Before SMITH, BENAVIDES, and DENNIS,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

―――――――――――

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited (continued...)

Jesse Patrick applies for a certificate of appealability ("COA") to challenge the denial of habeas corpus relief. We deny the application.

I.

Patrick was convicted of capital murder and

―――――――――――

[*](...continued)
circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced to death; the conviction was affirmed on direct appeal, and the Supreme Court denied a petition for writ of certiorari. Patrick applied for and was denied habeas relief from a state trial court in Texas; the denial was affirmed by the Texas Court of Criminal Appeals.

Patrick next filed for habeas relief in federal district court, which declined to issue a writ per an opinion and order entered August 22, 2000. On September 11, 2000, Patrick moved under FED. R. CIV. P. 59 to alter or amend the judgment, alleging numerous errors in the opinion and order. Because the motion was untimely under FED. R. CIV. P. 6(a) and 59, it ultimately was construed as a FED. R. CIV. P. 60(b) motion for relief from judgment and was denied on April 17, 2001.[1] In the intervening period, Patrick filed a rule 60(b) motion for relief from judgment, requesting the court to vacate and re-enter the order so it would be timely. On the same day the court denied the first rule 60(b) motion, it granted the second.

## II.

The parties contest the extent to which we have appellate jurisdiction§§not jurisdiction to entertain the application for COA, but jurisdiction over the underlying appeal. If we determine that we are without jurisdiction over the underlying appeal, we will not grant a COA. *Murphy v. Johnson*, 110 F.3d 10 (5th Cir. 1997) (denial of COA for failing to meet exhaustion requirement).[2]

The parties offer differing versions of what was properly appealed from the district court. Patrick seeks review of the August 22 opinion and order, contending that review of all issues encompassed in the order is proper, because the grant of the second rule 60(b) motion (on April 17) rendered his notice of appeal of May 16, 2001, timely under FED. R. APP. P. 4(a)-(1)(A). The state, though, avers that jurisdiction over the underlying appeal is limited to a review of the soundness of the rulings on the first rule 60(b) motion, because our precedents require reversal of the grant of the second rule 60(b) motion.

There is no doubt that Patrick's rule 59(e) motion was untimely. Tardy rule 59(e) motions are properly treated as rule 60(b) motions. *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998). With the motion so construed, the district court declined to grant relief under the rule 60(b) standard for relief from judgment.

Because our resolution of the second rule 60(b) motion may moot the controversy over the first such motion, we address it first. As

---

[1] Rule 59(e) requires such motions to be filed within ten days. Rule 6(a) sets out the method for calculating this ten-day period.

[2] In its brief, the state also raises the prospect of procedural bar to prevent our habeas review of
(continued...)

[2](...continued)
Patrick's claim. The state's procedural bar argument is based on Patrick's alleged failure to develop the factual basis for his ineffective assistance of counsel claim in state court. 28 U.S.C. § 2254(e)(2).

As the state concedes, this argument was not raised in the district court. Although we may raise this procedural bar *sua sponte* in appropriate circumstances, *Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000), we do not find the circumstances of this case appropriate for *sua sponte* consideration. For one thing, because this is an application for a COA, Patrick has not received notice the procedural bar would be at issue.

we have said, the district court granted Patrick's second rule 60(b) motion for relief from judgment and entered a final judgment on April 17. Patrick timely filed a notice of appeal from this entry of final judgment. The question is whether the entry of a new judgment, effectively resetting the appellate clock for the substantive issues decided in the August 22 judgment, was an abuse of discretion.

Federal Rule of Appellate Procedure 4(a)-(5)(A)(i) sets a thirty-day limit on motions for extension of time to file an appeal. Such extensions may be granted by the district court on a showing of "excusable neglect." FED. R. APP. P. 4(a)(5)(A)(ii). The use of rule 60(b) to extend the deadline in appellate rule 4(a) is generally prohibited. *United States v. O'Neil*, 709 F.2d 361, 372 (5th Cir. 1983); *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 694 (5th Cir. 1983).

We recognize that there are cases permitting a rule 60(b) motion to set a new date for calculating the time to appeal where rule 4(a)(5) is not available. *See, e.g., Fidelity & Deposit Co. v. USAFORM Hail Pool, Inc.*, 523 F.2d 744, 750-51 (5th Cir. 1975). These cases, though, appear to rely on a failure of the party to receive notice of the entry of judgment.[3]

---

[3] One case that arguably does not fall within this class is *Lewis v. Alexander*, 987 F.2d 392 (6th Cir. 1993). The petitioner in *Lewis* failed to file a timely notice of appeal because it was docketed late by the clerk (thus rendering the notice outside the thirty-day window of rule 4(a)). Petitioner's attorney failed to notice the late docketing until after the time for filing a rule 4(a)(5) motion had lapsed. The court, apparently following cases based on a failure to receive notice of the entry of (continued...)

Patrick would have us use rule 60(b) to circumvent the requirement of rule 4(a)(5). This we decline to do. Where the "excusable neglect" of a party results in failure timely to file an appeal, the more specific language of rule 4(a)(5) must govern over the more general language of rule 60(b). Thus, is cases such as this, the thirty-day time limit of rule 4(a)(5), not the one-year limit of rule 60(b), prevails.[4] *West v. Keve*, 721 F.2d 91, 95 (3d Cir. 1983); JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 304.14[5] (3d ed. 2001).

This conclusion does not doom the entire application for COA. Patrick's notice of appeal is still effective, but only as to the order denying the first rule 60(b) motion and not as to the original judgment denying habeas relief, as to which it is untimely.

In that first motion, Patrick raised six issues: (1) Did the district court use an incorrect standard in reviewing the ineffective assistance of counsel claim; (2) was Patrick

---

[3](...continued)
judgment, upheld the decision of the district court to reset the time for appeal by use of a rule 60(b) motion. *Id.* at 396. We join the Eighth Circuit in refusing to follow this decision. *See Zimmer St. Louis Co. v. Zimmer Co.*, 32 F.3d 357 (8th Cir. 1994).

[4] There is a minor exception to this scheme, not applicable here. Where the party seeking to appeal out of time has been prejudiced by a failure to receive notice of the entry of judgment (or ruling on a motion), the district court may reopen the time for appeal, but may only grant such a motion only if it is made within 180 days of the entry of judgment (or a ruling) and the conditions regarding lack of notice are met. FED. R. APP. P. 4(a)(6). Patrick made no such motion.

deprived of effective assistance of counsel; (3) did the court improperly deny Patrick funds under 21 U.S.C. § 848(q)(9) to develop his claims of mental illness and childhood abuse; (4) was he denied due process by the refusal to submit to the jury a definition of "deliberate"; (5) is article 37.071 of the Texas Code of Criminal Procedure unconstitutionally vague; and (6) did the court's refusal to define "deliberately" contribute to the sentence of death, in violation of the Eighth Amendment? Patrick also raises, for the first time on appeal, a challenge to the jury charge at the sentencing phase of his trial.

## III.

"To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). This demonstration "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* at 484 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 & n.4 (1983)).

Patrick's application also must be filtered through the deference owed a rule 60(b) ruling, which is reviewed only for abuse of discretion. *Aucoin v. K-Mart Apparel Fashion Corp.*, 943 F.2d 6, 8 (5th Cir. 1991). This review is narrower than in a direct appeal, because it is confined to the propriety of the rule 60(b) ruling, not of the underlying action. *Id.* To do otherwise would eviscerate the rules for timely filing of appeals. Thus, to be entitled to a COA, Patrick must demonstrate a denial of a constitutional right that is not only substantial enough to meet the standard of *Slack*, but also substantial enough that the

denial of rule 60(b) relief from the original judgment would be an abuse of discretion.

## IV.

Patrick argues that the district court employed an improper legal standard to evaluate his habeas petitionSSusing the "reasonable jurists" standard of *Drinkard v. Johnson*, 97 F.3d 751 (5th Cir 1996). This standard was explicitly disapproved by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362, 410 (2000) (opinion of O'Connor, J.). Even if the court applied the incorrect standard, such error is harmless if the court reached the right result. *Beazley v. Johnson*, 242 F.3d 248, 257 (5th Cir.), *cert. denied*, 122 S. Ct. 329 (2001). Thus, our determination of whether the district court reached the right result on the ineffective assistance of counsel claim will also settle this issue.

## V.

Patrick claims his counsel was constitutionally ineffective for failing further to investigate his psychological condition and for failing to introduce mitigating evidence of his abusive childhood. Ineffective assistance claims are reviewed under *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the petitioner to show both a failure by counsel that drops below an objective standard of reasonableness and a resulting prejudice. *Id.* at 687. This prejudice must be sufficient to undermine confidence in the reliability of the trial. *Id.*

Patrick attempts to show ineffectiveness on account of his attorney's failure to make further investigations into his psychological health and abusive childhood. He claims such investigations would have uncovered organic brain damage or psychological problems. There is no doubt criminal defense attorneys

have a duty to investigate as part of their obligation to provide effective assistance. *Id.* at 691. This duty, however, is limited by the same reasonableness standard applicable to other decisions of counsel. *Id.*

Patrick's argument on this point is easily refuted. When extensive psychological testing was conducted on him more than ten years after the initial trial, no organic brain damage was detected.[5] The only psychological disorders discerned were depression, anxiety, and chronic post-traumatic stress. Even with the benefit of hindsight, counsel's decision not to pursue additional psychological testing was entirely reasonable and did not fall below the threshold of objectively reasonable competence. Furthermore, even if we were to assume the decision not to pursue additional testing was deficient performance, we are not convinced the result of the trial would have been different.

Patrick also points to trial counsel's decision not to present mitigating evidence of his abusive childhood and possible mental illness. Patrick draws an analogy between his case and *Williams v. Taylor*, 529 U.S. 362 (2000). Like the trial counsel in *Williams*, Patrick's attorney failed to offer all possible mitigating evidence at his disposal. Unlike the petitioner in *Williams*, however, Patrick has not uncovered significant potentially mitigating evidence since trial that counsel should have discovered by conducting the type of investigation consistent with the command of *Washington*. Thus, even though Patrick's counsel may not have provided assistance in accord with *Washington*, this failure did not prejudice Patrick.

---

[5] The physician did, however, opine that further testing might reveal such damage.

## VI.

Patrick alleges improper denial of funds to develop his claims of abuse and mental illness. A district court is authorized, on finding that investigative services are "reasonably necessary" to a habeas petitioner's defense (to guilt or punishment), to pay for such services. 21 U.S.C. § 848(q)(9). Patrick contends he was erroneously denied these funds. We need not address the merits of this claim, because a COA is not a prerequisite to appealing the denial of § 848(q) funds. *Hill v. Johnson*, 210 F.3d 481, 487 n.3 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001).

## VII.

Patrick presents three issues regarding the propriety of the trial court's handling and use of the term "deliberately" to describe and evaluate his *mens rea*. Specifically, Patrick alleges that (1) the trial court's refusal to submit a definition of "deliberate" to the jury violated his right to due process, (2) article 37.071 of the Texas Code of Criminal Procedure is unconstitutionally vague, and (3) the trial court's refusal to define "deliberate" resulted in a sentence of death in violation of the Eighth Amendment.

All of these arguments depend on our finding a constitutional infirmity in the trial court's use of the term "deliberate" in a capital case. Despite Patrick's repeated characterizations of the possible problems with the use of "deliberate," our caselaw squarely denies any infirmities in its use.

The refusal to define the term was entirely appropriate in light of our precedents noting that "deliberate" has a common-sense meaning and need not be further elucidated. *Thompson v. Lynaugh*, 821 F.2d 1054, 1060 (5th Cir. 1987) (holding that "deliberate" is "sufficiently

5

clear to allow the jury to decide the special issues on punishment"). [6] The *Thompson* court also was faced with an Eighth Amendment claim raised in the context of a challenge to the use of the word "deliberate." The court construed this claim as a general due process challenge to the fairness of the trial, and denied habeas relief because "deliberate" has a common-sense meaning. *Id.* at 1060. Based on the reasoning in *Thompson*, we see no constitutional problem with § 37.071. [7]

## VIII.

Patrick challenges the jury charge used during the sentencing portion of his trial. He bases this challenge on *Robertson v. Cockrell,* 279 F.3d 1062 (5th Cir. 2002). There, we granted habeas relief to a petitioner who had received a jury instruction almost identical to that in Patrick's case. Our panel in turn relied

on *Penry v. Johnson ("Penry II")*, 532 U.S. 782 (2001), which clarified *Penry v. Lynaugh ("Penry I")*, 492 U.S. 302 (1989). [8]

The only bar to Patrick's raising this argument now is our usual rule refusing to consider arguments not raised in the district court. *North Alamo Water Supply Corp. v. City of San Juan,* 90 F.3d 910, 916 (5th Cir. 1996) (citing *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)). We recognize an exception to this rule where "the issue involved is a pure question of law and a miscarriage of justice would result from our failure to consider it." *Id*.

The timing of Patrick's *Robertson* argument precludes any suggestion of a miscarriage of justice. The Supreme Court granted certiorari in *Penry II* on November 27, 2000, and issued its opinion on June 4, 2001. The grant of certiorari was during the pendency of Patrick's petition before the district court; the opinion was handed down well before Patrick filed his original brief with this court. His failure to raise an argument based on *Penry II* belies any claim he may have to an exception to our normal appellate waiver rule.

There is an additional reason Patrick is not entitled to raise a *Penry II* argument before this panel. A *Penry* claim must be based on mitigating evidence actually presented, not evidence that merely could have been presented. *Boyd v. Johnson*, 167 F.3d 907, 912 (5th Cir. 1999). Patrick has not raised sufficient mitigating evidence to warrant relief under *Penry II* and *Robertson*. Indeed, his main contention in support of his ineffective assistance of counsel claim was his counsel's

---

[6] *See also Nethery v. Collins*, 993 F.2d 1154, 1162 (5th Cir. 1993) (same)*; Milton v. Procunier*, 744 F.2d 1091, 1095-96 (5th Cir. 1984) (same).

[7] In relevant part, this section reads,

On conclusion of the presentation of the evidence, the court shall submit the following three issues to the jury:

(1) whether the conduct of the defendant that caused the death of the deceased was committed deliberately and with the reasonable expectation that the death of the deceased or another would result.

TEX. CODE CRIM. PROC. ANN. art. 37.071(b)(1) (Vernon 1990). This section has been amended several times since Patrick's sentencing. *See, e.g.,* 1991 Tex. Sess. Law Serv. ch. 838; 1999 Tex. Sess. Law Serv. ch. 140.

[8] *Penry v. Lynaugh*, 492 U.S. 302 (1989).

6

failure to offer mitigating evidence.

The application for a COA is DENIED.