IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20657
Summary Calendar
_____

MARTIN LEAL,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-139
--------------------
January 7, 2003

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Martin Leal has filed a notice of appeal, purportedly from the district court's summary judgment in favor of the Commissioner on his social security claim. Leal's notice of appeal was not filed within 60 days of that judgment, and his postjudgment motion did not stay the time for filing a notice of appeal. See FED. R. APP. P. 4(a)(1)(B), (a)(4)(A)(iv); FED. R. CIV. P. 26(a). However, Leal's notice of appeal is timely as to the denial of his postjudgment motion, which is construed as a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion arising under FED. R. CIV. P. 60(b).  See Harcon Barge Co.
v. D & G Boat Rentals, Inc., 784 F.2d 665, 668-69 (5th Cir. 1986)
(en banc).

Leal asserts that the district court erred in denying relief
on his social security claims.  However, Leal did not challenge
the court's ruling on the merits of his claims in his
postjudgment motion.  Consequently, he cannot challenge them on
appeal.  See Aucoin v. K-Mart Apparel Fashion Corp., 943 F.2d 6,
8 (5th Cir. 1991).

Leal contends that the district court erred in ordering the
parties to file motions for summary judgment.  Because the court
considered evidence outside the pleadings, summary judgment was
proper.  See Washington v. Allstate Ins. Co., 901 F.2d 1281, 1284
(5th Cir. 1990); FED. R. CIV. P. 56(c).  The order requiring the
parties to file such motions was within the district court's
inherent power to control its docket.  See Marinechance Shipping,
Ltd. v. Sebastian, 143 F.3d 216, 218 (5th Cir. 1998).

Leal also asserts that the district court improperly
referred the case to the magistrate judge without obtaining his
consent.  As the magistrate judge did not perform the final
adjudication of the case, referral was proper.  See 28 U.S.C.
§ 636(b)(1)(B), (c)(1).

Leal has not established that the district court abused its
discretion in denying his FED. R. CIV. P. 60(b) motion.  See Seven

Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981).

Consequently, the judgment of the district court is AFFIRMED.

Leal has moved for oral argument.  This motion is DENIED.