United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 10, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10694
Summary Calendar

_____

DALE ANDERSON,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CV-00157
USDC No. 4:02-CV-00158
USDC No. 4:02-CV-00159
--------------------

Before JOLLY, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Dale Anderson, Texas prisoner # 909781, appeals the denial of his FED. R. CIV. P. 60(b) motion challenging the dismissal and denials of his three consolidated 28 U.S.C. § 2254 applications. The only issue before us is whether the district court abused its discretion in denying Anderson's Rule 60(b) motion. See Aucoin v. K-Mart Apparel Fashion Corp., 943 F.2d 6, 8 (5th Cir. 1991).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The sole purpose of Anderson's Rule 60(b) motion was to circumvent the jurisdictional problem caused by his failure to file a timely notice of appeal from the judgment denying habeas relief. A Rule 60(b) motion, however, is not a substitute for a timely appeal. Dunn v. Cockrell, 302 F.3d 491, 493 (5th Cir. 2002), cert. denied, 537 U.S. 1181 (2003). Moreover, the delay in Anderson's receipt of notice of the judgment denying habeas relief does not qualify as an "extraordinary circumstance" under Rule 60(b)(6). Although the time to file a notice of appeal had expired when he received notice of the denial, Anderson failed to take advantage of other remedies that were still available, such as a motion for an extension of time or a motion to reopen the time to file an appeal. See FED. R. APP. P. 4(a)(5) (motion for an extension of time); FED. R. APP. P. 4(a)(6) (motion to reopen time to file notice of appeal).

AFFIRMED.