United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-31116
Summary Calendar

MARK ANTHONY VINZANT,

Plaintiff-Appellant,

versus

WARDEN KENNDY, Orleans Parish Prison; CHARLES C. FOTI, JR.,
Sheriff; MARCUS DILEO, Dr.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CV-761
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mark Anthony Vinzant, federal prisoner # 27944-034, appeals
from the district court's October 7, 2005, order denying his FED.
R. CIV. P. 60(b) motion, seeking relief from the district
court's dismissal of his action for failure to prosecute. See
FED. R. CIV. P. 41(b). Vinzant argues that the district court
abused its discretion in denying his Rule 60(b) motion because
the record does not support a finding of a clear record of delay

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or contumacious conduct but rather suggests mere negligence and reflects that he diligently pursued his claims.

This court reviews the district court's denial of a Rule 60(b) motion for abuse of discretion. Warfield v. Byron, 436 F.3d 551, 555 (5th Cir. 2006). Under this standard, "[i]t is not enough that the granting of relief might have been permissible, or even warranted--denial must have been so unwarranted as to constitute an abuse of discretion." Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981). Vinzant has not shown "'unusual or unique circumstances justifying such relief.'" Aucoin v. K-Mart Apparel Fashion Corp., 943 F.2d 6, 8 (5th Cir. 1991) (quoting Pryor v. U.S. Postal Service, 769 F.2d 281, 286 (5th Cir. 1985)). Therefore, the judgment of the district court is AFFIRMED. Vinzant's motion for the appointment of counsel is DENIED. Vinzant also has filed a motion for an extension of time to file a reply brief. Because the proposed reply brief is devoted to arguing the merits of his civil rights claims, an issue not relevant to the issue of the district court's denial of his Rule 60(b) motion, Vinzant's motion for an extension of time to file it also is DENIED.